IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PERCIVAL CHARLES FERRIS, JR,

    Petitioner,

v.                                                     CASE NO. 5:13-cv-56-RS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner incarcerated at Columbia C.I., filed an amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his April 2005 Washington county jury trial convictions. (Doc. 6.) Now pending before the Court is Respondent's motion to dismiss. (Doc. 20.) Petitioner has filed a "reply" in opposition. (Doc. 24.) After initial consideration of the motion to dismiss, the Court ordered Respondent to file additional exhibits and a supplement to the motion to dismiss addressing whether Petitioner's state petition for mandamus, which was treated as a state petition for a writ of habeas corpus, tolled the limitations period. (Doc. 25.) Respondent has now filed the supplement and supporting exhibits, and therefore the matter is ripe for review. (Doc. 26.) Upon due consideration of the motion to dismiss, the supplement to the motion to dismiss, the state-court record, and Petitioner's response, the undersigned recommends that the motion to dismiss be granted.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

The extensive procedural history of Petitioner's case is summarized in the Respondent's motion and supplement, and is supported by attached state-court records.  The relevant history is as follows: Petitioner was charged with one count of aggravated assault with a deadly weapon, one count one count of aggravated battery with a deadly weapon, one count of leaving the scene of an accident involving damage, and one count of driving with a suspended or revoked license.  (Ex. A.)  After a jury trial, Petitioner was convicted as charged.  (Ex. D.)  On January 11, 2005, Petitioner was sentenced to term of incarceration of five years on count one, twenty years on count two, and time served on counts three and four.  (Ex. E.)  Petitioner was adjudicated a habitual violent felony offender (HVFO) and prison releasee reoffender (PRR) with respect to counts one and two.  *Id.*  It was ordered that he serve a minimum of five years prior to release on count one, and a minimum of fifteen years prior to release on count two, to be served consecutively to count one.  *Id*.  Petitioner received credit for

225 days time served. *Id*.

Petitioner appealed his judgment and sentence. (Exs. F, G.) The First DCA affirmed Petitioner's conviction and sentence *per curiam* without written opinion on June 1, 2006. (Ex. J.) Petitioner's conviction first became final 90 days later, on August 30, 2006, when the time for filing a petition for a writ of *certiorari* in the Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts.)

After Petitioner's conviction became final, he filed numerous motions and habeas corpus cases in the state courts. Notably, on February 1, 2010, he filed a Fla. R. Crim. P. 3.800(a) motion asserting that the state court erred in sentencing him to equal five-year sentences in count one as both a HVFO and PRR. (Ex. TT.) The state court denied Petitioner's motion on May 6, 2010. *Id*. Petitioner appealed the denial of his motion. (Ex. UU.) On October 15, 2010, the First District Court of Appeal *per curiam* reversed the denial of Petitioner's motion, holding that a trial court cannot impose equal concurrent PRR and HVFO sentences. (Ex. ZZ.) The matter was remanded for the trial court to strike the HVFO designation from count one. *Id*.

On remand, the trial court struck the HVFO designation from count one on November 18, 2010, and directed the clerk to correct the judgment on the sentence accordingly. (Ex. AAA.) Petitioner subsequently filed a motion for rehearing on December 2, 2010, arguing that he had a right to be present at his resentencing. (Ex. BBB.) The motion was denied on January 14, 2011. (Ex. CCC.) Petitioner was resentenced on April 19, 2011 *nunc pro tunc* to November 18, 2010 to a term of five years on count one, without the HVFO designation. (Ex. AAA, PPP at 128.) Petitioner

appealed the order denying his motion to be present at his resentencing, and the First DCA *per curiam* affirmed on June 16, 2011.  (Exs. DDD, EEE.)  Petitioner then filed a motion for rehearing, which was denied on August 4, 2011.  (Exs. FFF, GGG.)  The mandate issued August 22, 2011.[2]  (Ex. HHH.)

Petitioner filed a motion entitled "Notice of Timeliness of Amended Petition" on November 26, 2011.  (Ex. OOO.)  The state court construed this document as a motion for post conviction relief and denied it, holding that Petitioner's claims were time-barred and successive.  (Ex. PPP.)  Thus, this motion did not act as a tolling event because the motion, dismissed as untimely, was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that a post-conviction motion rejected as untimely by a state court was not "properly filed.")  Petitioner appealed the denial of his motion, and the First DCA affirmed *per curiam* on October 10, 2012.  (Exs. QQQ, SSS.)  Petitioner filed a motion for rehearing, which was denied on November 19, 2012.  (Exs. TTT, UUU.)  The mandate followed on December 5, 2012.  (Ex. VVV.)  Petitioner filed a notice to invoke the jurisdiction of the Florida Supreme Court, which was dismissed on January 14, 2013 for lack of jurisdiction.  (Exs. WWW, XXX.)  These motions for rehearing and to invoke the jurisdiction of the Supreme Court also did not act as tolling events.  *See Pace*, 544 U.S. 408.

Lastly, Petitioner filed a petition for a writ of mandamus on October 4, 2011 in

---

[2]While Petitioner's 3.800 motion was pending, he also filed another Rule 3.800 motion to correct illegal sentence on July 29, 2010.  (Ex. III.)  The motion was denied on November 8, 2010.  (Ex. JJJ.)  Petitioner appealed the denial, and the First DCA affirmed per curiam on March 10, 2011, and the mandate issued April 5, 2011.  (Ex. KKK, MMM.)  These were not tolling motions because they were resolved prior to the mandate in Petitioner's appeal, which issued on August 22, 2011.  (Ex. HHH.)

the Circuit Court of the Second Judicial Circuit in and for Leon County. (Ex. YYY.) Based on the allegations of the motion, the Court in Leon County treated the petition for mandamus as a state petition for a writ of habeas corpus, and then transferred the case to the Third Judicial Circuit in and for Columbia County, where Petitioner was incarcerated. *Id*. The court in Columbia County then transferred the petition to the Fourteenth Judicial Circuit in and for Washington County, the court which imposed Petitioner's amended sentence, because Petitioner was challenging the validity of his underlying amended sentence. *Id*. Petitioner appealed the transfer of his case on February 1, 2012. *Id*. The First DCA affirmed the transfer on July 3, 2012, and the mandate followed on July 31, 2012. *Id*.

After the transfer to Washington County, the state court entered an order on July 19, 2013 striking the pleadings and dismissing the case, because Petitioner had on January 30, 2013 been barred from any *pro se* filings in that court. (Ex. OOOO.) On July 24, Petitioner filed a motion for rehearing, which was denied on September 3, 2013. (Ex. PPPP, QQQQ.) Petitioner appealed the order, and the case remains pending on appeal. (Ex. RRRR, SSSS.)

Petitioner's petition for a writ of mandamus does not qualify as a tolling motion for two reasons. The first is that a state petition for a writ of mandamus does not act as a tolling motion. *See, e.g., Tatum v. Sec'y, Dep't of Corrections,* 2011 WL 573838 (M.D. Fla. 2011) (noting that "a mandamus petition does not constitute an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2).") Thus, to the extent that Petitioner actually intended his petition to be a mandamus petition, it would not toll the limitations period.

Secondly, even though the state court construed Petitioner's "mandamus" petition as a petition for a writ of habeas corpus, the motion does not toll the statute of limitations because it was not properly filed within the meaning of 28 U.S.C. § 2244(d)(2). As the Supreme Court has explained, "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted.) As evidenced by the two transfers of the petition, Petitioner did not file his state petition for a writ of habeas corpus in the correct "court and office in which it must be lodged," and as a result the petition cannot be considered "properly filed." *Id*.

Under Florida law, a petition for a writ of habeas corpus "shall be filed with the clerk of the circuit court of the county in which the prisoner is detained." Fla. Stat. Ann. § 79.09 (West). That court would have been the Third Judicial Circuit in and for Columbia County. The petition was transferred from Columbia County because Petitioner was attacking his underlying amended sentence and, therefore, jurisdiction was proper in the trial court that imposed his sentence. *Broom v. State*, 907 So.2d 1261 (Fla. 3rd DCA 2005) (holding that "[t]he circuit court of the county in which a defendant is incarcerated has jurisdiction to consider a petition for writ of habeas corpus when the claims raised in the petition concern issues regarding his incarceration, but not when the claims attack the validity of the judgment or sentence.")

Indeed, this exact scenario was imagined by the Court in *Artuz*, which noted that "[i]f, for example, an application is erroneously accepted by the clerk of a court lacking

jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending,* but not *properly filed."* Artuz, 531 U.S. at 9.  Petitioner's state habeas corpus case has been pending since October 4, 2011, when he filed it as a petition for a writ of mandamus in Leon County. But even though the case remains pending to date it, nonetheless, was never "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  Thus, although a habeas corpus petition would toll the limitations period it does not toll the limitations period here because the motion was not filed in Washington County – the Court which issued the judgment Plaintiff is attacking – and instead was filed in the Circuit Court in Leon County, a court that did not issue the judgment and in a circuit in which the Petitioner was not detained.  The motion therefore was not properly filed and does not toll the limitations period.

The AEDPA limitations period began to run from August 22, 2011, the date of the mandate of Petitioner's amended sentence, for one year until August 22, 2012 when it expired.   Petitioner provided his original Petition to prison officials for mailing on February 16, 2013.  (Doc. 1.)  The Amended Petition was provided to prison officials for mailing on March 25, 2013.  (Doc. 6.)  None of the motions or petitions Petitioner filed during that time period acted to toll the limitations period.  Accordingly, Petitioner's petition for a writ of habeas corpus is untimely unless he can demonstrate entitlement to equitable tolling.

### Petitioner is Not Entitled to Equitable Tolling

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259

F.3d 1310, 1312 (11th Cir. 2001).  It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002).  To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. at 418).

Petitioner makes no meritorious showing that he is entitled to equitable tolling in his amended petition.  Relying upon *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) Petitioner argues in his response to the motion that the court may hear his claims.  In *Martinez,* the Court addressed issues of exhaustion and procedural default in holding that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  *Martinez*, 132 S. Ct. at 1321. *Martinez* did not address the AEDPA one-year limitations period or equitable tolling.  Thus, Petitioner's argument that his petition is timely under *Martinez* is wrong.  *Martinez* did not set forth a new constitutional right and therefore does not provide a basis for re-starting the limitations period under § 2244(d)(1)(C).

This conclusion is in accord with the view of other judges in this District and elsewhere which have made clear that *Martinez* does not create a basis for equitable tolling of the limitations period.  *See, e.g., Culver v. Crews*, 2013 WL 1278968 (N.D. Fla. 2013) (declining to find that *Martinez* provided a basis for equitable tolling of the

AEDPA limitations period); *Wise v. Rozum,* 2013 WL 579659 (M.D. Pa. 2013) ("The *Martinez* decision did not allow for equitable tolling of the AEDPA deadlines"); *Kingsberry v. Maryland*, 2012 WL 2031991 (D. Md. 2012) ("*Martinez* did not address equitable tolling in the context of ineffective assistance of counsel and provides no relief here.")[3]

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED** that**:**

Respondent's Motion to Dismiss, Doc. 20, and Respondent's Supplement to Motion to Dismiss, Doc. 26, should be **GRANTED** and the First Amended Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus, Doc. 6, should be **DISMISSED** as untimely.

**IN CHAMBERS**, at Gainesville, Florida, this 16th day of May 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] *See*, *also*, *James v. Secretary, Dept. of Corrections,* 2012 WL 2885938 (M.D. Fla. 2012) (finding *Martinez* inapplicable in analyzing timeliness of habeas petition); *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013) ("the rule of *Martinez*, while new, is not a rule of constitutional law); *Adams v. Thaler,* 679 F.3d 312 (5th Cir. 2012) (holding that "the Court's decision [in *Martinez*] was an 'equitable ruling' that did not establish 'a new rule of constitutional law.'"); *Saunders v. Lamas*, 2013 WL 943351, at *3 (E.D. Pa. 2013) ("Because *Martinez* did not purport to describe a constitutional right, let alone make it retroactively applicable, the alternate start date under Section 2244(d)(1)(C) cannot apply to render the petition timely filed."); *Yow v. Thaler*, 2012 WL 2795850, at *8-*10 (N.D. Tex. 2012) ("[T]he *Martinez* case is inapplicable to Petitioner's statute of limitations issues.").